IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DALLAS RAY MAYS                                                                       PLAINTIFF

v.                                    Civil No. 4:18-cv-4077

CAPTAIN ADAMS, Miller County
Detention Center ("MCDC"); and
DETENTION OFFICER HENDERSON,
MCDC                                                             DEFENDANT

## ORDER

This is a civil rights action filed *pro se* by Plaintiff, Dallas Ray Mays, under 42 U.S.C. § 1983. Before the Court is Plaintiff's failure to obey an order of the Court and failure to prosecute this case.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on May 8, 2018. (ECF No. 1). Although Plaintiff applied to proceed *in forma pauperis* ("IFP"), he failed to submit a completed certification regarding inmate funds held in his name. That same day, the Court entered an order directing Plaintiff to either have the certificate portion of the IFP application completed and returned to the Court for review or pay the filing fee by May 29, 2018. (ECF No. 5). Plaintiff was advised in the order that failure to respond by the Court's imposed deadline would subject this case to summary dismissal for failure to obey an order of the Court. The order was not returned as undeliverable. To date, Plaintiff has not submitted a completed IFP application or paid the filing fee.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey an order of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge